UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-09335-8-SWH |
| JANE BULLOCK PARKER, ) | |
| ) | Chapter 13 |
| ) | |
| DEBTOR. ) | |

_____

### RESPONSE AND MEMORANDUM OF LAW OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTION TO CLAIM NUMBER 4

eCAST Settlement Corporation (eCAST), by and through its undersigned counsel, hereby responds to the Debtor's Objection to Claim Number 4 and, in support thereof, avers as follows:

### BACKGROUND

1.      On October 26, 2009, Jane Bullock Parker (Debtor) filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2.      On December 31, 2009, eCAST, as assignee of Chase Bank USA, N.A. (Chase), filed a timely general unsecured claim in the amount of $14,231.41 for the unpaid pre-petition charges incurred on Debtor's credit card account number ************8211. The claim is designated as Claim Number 4 (Claim 4) on the Court's Claims Register.

3.      Claim 4 was filed with a true and correct copy of the Assignment of Accounts and Waiver of Notice of Transfer of Claims for the account from Chase to eCAST, an Explanation of Unavailable or Voluminous Documentation Not Attached and an account summary.  The account summary reflects the Debtor's name and address, redacted social security number, redacted account number, creditor name, account type, account open date,

account charge off date, date of the last payment made on the account, and balance due as of the Debtor's petition date.

4.  The Debtor lists an undisputed debt owed to "Chase" on her signed and sworn Schedule F using the same full account number as Claim 4 (if unredacted) and in the amount of $14,231.00, which is only $0.41 less than the actual amount of Claim 4.

5.  Despite the fact that eCAST believes Claim 4 is sufficient as filed, on December 15, 2010, an amendment to Claim 4 was filed with the Court and was designated as Claim Number 4-2 (Claim 4-2) on the Court's Claims Register. The attachments to Claim 4-2 include an Affidavit of Sale from Chase, which confirms that the account was sold to eCAST, and account statements dated January 2009 through August 2009, which reflect the Debtor's name and address, redacted account number and monthly account activity. The August statement reflects a pre-petition balance due in the amount of $14,231.41 which supports the claims filed. A true and correct copy of Claim 4-2 is attached hereto and made a part hereof as Exhibit A.

6.  On November 23, 2010, Debtor filed an Objection to Claim 4 alleging that the claim does not comply with Federal Rule of Bankruptcy Procedure Rule 3001(c), that the claim should not be presumed valid, and that eCAST has not proven an account stated. The Debtor requests that Claim 4 be disallowed and that eCAST be precluded from amending its claim without first seeking leave to do so.

**RESPONSE**

**I. eCAST's claim commands *prima facie* evidentiary validity.**

7.  A claim is a "right to payment." 11 U.S.C. § 101(5)(A). "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). A properly

executed and filed proof of claim is presumed to be valid. Fed. R. Bankr. P. 3001(f). "As one bankruptcy court has explained, '[a] proof of claim for an unsecured creditor requires little more than a listing of name, address, amount of claim (or a listing as "unliquidated" or "contingent"), and a signature. It should take less than 5 minutes to fill out.'" *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1058 (D.C. Cir. 1992) (quoting *In re Great W. Cities, Inc.*, 88 B.R. 109, 114 (Bankr. N.D. Tex. 1988)); *accord Paul Mason & Assocs., Inc. v. Charlton* (*In re Charlton*), No. 04-30011-BKC-SHF, 2005 Bankr. LEXIS 444, at *9 (Bankr. S.D. Fla. Jan. 24, 2005) ("Proofs of claim, on the other hand, are not intended to be elaborate or detailed.")

8.     Even a Proof of Claim devoid of supporting documentation establishes a *prima facie* case if a debtor admits the debt by listing it in his schedules. *In re Jorczak*, 314 B.R. 474, 483 (Bankr. D. Conn. 2004). By such assertion of its claim, coupled with admission by the debtor, the Claimant successfully bears its burden of production.

> However … the Presumption [of *prima facie* validity] is not the only way for a claimant to establish at least a *prima facie* case in respect of a proof of claim.… [T]he court concludes that Proof of Claim No. 2, when considered together with the relevant admission in the Schedules, establishes at least a *prima facie* case of Mr. Jorczak's liability on the claim.

*Id.* at 482-83, *cited in In re Kincaid*, 388 B.R. 610, 617 (Bankr. E.D. Pa. 2008).

9.     To overcome such validity requires more than a mere unsubstantiated objection to form. *Garner v. Shier* (*In re Garner*), 246 B.R. 617, 623 (9th Cir. B.A.P. 2000), *cited with approval in Heath v. American Express Travel Related Services Co., Inc.* (*In re Heath*), 331 B.R. 424, 433 (B.A.P. 9th Cir. 2005); *see also California State Bd. of Equalization v. Official Unsecured Creditors' Comm.* (*In re Fid. Holding Co.*), 837 F.2d 696, 698 (5th Cir. 1988) ("Under Bankruptcy Rule 301(b), a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets. The objecting

party must then produce evidence rebutting the claimant or else the claimant will prevail.") (citation omitted); *In re Hollars*, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996) ("A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity.")

10. An objector assumes the burden of going forward with evidence sufficient to overcome the claimant's *prima facie* case. *In re Cluff*, 313 B.R. 323, 336 (Bankr. D. Utah 2004) ("If a proof of claim enjoys this evidentiary presumption, the objecting party has the burden of coming forward with evidence to support its objection and rebut the proof of claim.") (footnote omitted), *aff'd sub nom. Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006); *Allegheny*, 954 F.2d at 173; *McGee v. O'Connor* (*In re O'Connor*), 153 F.3d 258, 260 (5th Cir. 1998); *In re Multiponics, Inc.*, 622 F.2d 709, 714 (5th Cir. 1980). Indeed, only if the objecting party provides *substantive* evidence will he succeed in overcoming the *prima facie* effect of Fed. R. Bankr. P. 3001(f). *Vomhof v. United States*, 207 B.R. 191, 192 (D. Minn. 1997) ("An objection will deprive a proof of claim of its validity only if the objection is supported by substantial evidence. Substantial evidence to support an objection requires financial evidence and factual arguments, not legal rhetoric.") Only after overcoming the *prima facie* effect of the proof of claim does the burden of going forward shift to the claimant to prove the validity of its claim by a preponderance of the evidence. *Allegheny*, 954 F.2d at 173-74.

11. Even a claim that does not enjoy *prima facie* validity, nevertheless, withstands an assault based merely on form. *Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904, at **12-13 (D. Utah Sept. 29, 2006) (opining that the bankruptcy judge properly concluded that the filed proofs of claim, while not sufficient for

*prima facie* validity, "were nonetheless sufficient to constitute some evidence of the claims, and the objecting party then carries the burden of going forward with something to rebut those claims."); *First Nat'l Bank v. Circle J Dairy* (*In re Circle J Dairy, Inc.*), 112 B.R. 297, 299 (W.D. Ark. 1989). While noncompliance with Fed. R. Bankr. P. 3001(c) costs the claim's validity its *prima facie* strength, it does not invalidate the claim. *In re Henry*, 311 B.R. 813, 817 (Bankr. W.D. Wash. 2004) (observing that while courts have "held that noncompliance with the rule negates the *prima facie* validity of the claim under Rule [sic] 502(a), they have also "generally held that the failure to comply with Rule 3001(c) by attaching a writing upon which the claim is based does not alone justify disallowing the claim""); *State Bd. of Equalization v. Los Angeles Int'l Airport Hotel Assocs.* (*In re Los Angeles Int'l Airport Hotel Assocs.*), 196 B.R. 134, 139 (B.A.P. 9th Cir. 1996). This is because "the claim is regarded as having a certain standing already established by the oath" under which it is submitted. *Whitney v. Dresser*, 200 U.S. 532, 535 (1906). *See also In re Mazzoni*, 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a claim does not have prima facie validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $500,000 or up to five years in prison.") Indeed, because a claim is signed under the above described conditions, its evidentiary strength, whether *prima facie* or less, is irrelevant absent a factual dispute. *Heath*, 331 B.R. at 435.

12. Debtor's Objection is a matter of form and fails to undermine the *prima facie* validity of eCAST's claim or overcome any essential element thereof. In the place of evidence to carry her burden of production, Debtor merely objects to the claim by alleging that eCAST has not proven an account stated.

13. Even if, *arguendo*, eCAST's claim lacks *prima facie* validity, it nevertheless successfully bears its burden of production, and, because the Debtor fails to show any contrary evidence as to the claim's validity, its burden of persuasion.

**II. eCAST's claim is fully supported by documentation.**

14. A writing upon which a claim is based must accompany the proof of claim. Fed. R. Bankr. P. 3001(c). "The purpose of the rules regarding claims is to require creditors to provide sufficient information so that a Debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the Debtor." *In re Hughes*, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004). This conclusion is supported by the plain language of Fed. R. Bankr. P. 3001 (c) and (f) which afford *prima facie* validity to a properly filed claim even without supporting documents, where such documents have been lost or destroyed, provided the claim is filed with an accompanying statement to that effect.

15. The Official Form for a proof of claim permits supporting documentation to be presented in a summary form. Form B10 (Official Form 10) Proof of Claim, item 7. Many courts have found that the inclusion of the last account statement is a suitable summary.

16. The Debtor relies on *In re Andrews* in her objection to show that a claim lacking compliance with the requirements of Fed. R. Bankr. P. 3001 should not be considered presumptively valid. However, such reliance is misplaced. While the Court in *Andrews,* addressing the prima facie validity of a claim in reference to the affirmative defense of a statute of limitations, noted that "limited information must be filed with each proof of claim", it did not address the documentation necessary to meet the requirements of Rule 3001.

17.     The Court in *In re Kemmer,* 315 B.R. 706, 716 (Bankr. E.D. Tenn. 2004) specifically addressed the prima facie validity of a claim that attached an account statement, as follows:

> A credit card or consumer credit account creditor that attaches to its proof of claim a copy of the monthly statement generated for the debtor's account or a computer-generated statement of the debtor's account at the time of the bankruptcy filing **will be entitled to prima facie status**, as long as the statement evidences the debtor's name, account number, account balance as of the date of the bankruptcy filing, previous balance, finance or other charges for that period, and the annual percentage rate charged on the account. It is not necessary, however, for the creditor to attach a copy of the actual account agreement, as the court recognizes that credit card and consumer credit accounts are initially opened by virtue of these account agreements, whereby the creditor may charge interest on any outstanding balance, in addition to late fees, over-the-limit fees, cash advance fees, and the like. (emphasis added)

18.     The Debtor's reliance on N.C.G.S. §58-70-150(1)(2) to allege that documentation beyond the requirements of the Bankruptcy Rules is necessary is also misplaced.  28 U.S.C. §157(b)(2)(B) defines allowance or disallowance of claims against the estate as a core proceeding.  As such, "when a claim arises for bankruptcy purposes, reference is to be made to federal bankruptcy law rather than to state law." *Butler v. Nationsbank, N.A.*, 58 F.3d 1022, 1029 (4th Cir. 1995).  Accordingly, eCAST's claim is governed by the provisions of Rule 3001 and Official Form B10.

**III. The law disallows only those claims that are excepted by statute.**

19.     A proof of claim is deemed allowed unless objected to.  11 U.S.C. § 502(a). A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by one of the specified provisions of the statute.  *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) (opining that a claim, upon objection thereto, shall be allowed unless it "implicates any of the nine exceptions enumerated in §

502(b)"); *Dove-Nation v. eCAST Settlement Corp.* (*In re Dove-Nation*), 318 B.R. 147, 150-53 (B.A.P. 8th Cir. 2004); 11 U.S.C. § 502(b)(1)-(9). The Court "shall allow such claim" in the Court's determinate amount unless it finds one or more of nine statutory exceptions, *id.*; *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003), none of which includes failure to comply with Fed. R. Bankr. P. 3001, as alleged by the Debtors' objection. *See, e.g.*, *Paul Mason & Assocs., Inc. v. Charlton* (*In re Charlton*), No. 04-30011-BKC-SHF, 2005 Bankr. LEXIS 444, at \*\*8-9 (Bankr. S.D. Fla. Jan. 24, 2005) (opining that bankruptcy courts may not disallow a claim for any reason beyond those that statute furnishes).

20.   The United States Bankruptcy Appellate Panel of the Ninth Circuit addressed this topic. Unpersuaded by a debtor's argument that lack of compliance with Fed. R. Bankr. P. 3001(c) is a basis for a claim's disallowance, the court opined:

> First, we are bound by the plain meaning of the statute. Section 501(a) provides that a "creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). Section 502(a) states that a claim filed under Section 501 "is deemed allowed" unless an objection is made. 11 U.S.C. 502(a). Section 502(b) states that if an objection to a claim is made, then the court "shall" determine the amount of such claim and "**shall allow** such claim" except to the extent that one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b) (emphasis added). Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. . . . The statute's provisions cannot be enlarged or reduced by the Rules.

*Heath*, 331 B.R. at 435; *Campbell v. Verizon Wireless-CA* (*In re Campbell*), 336 B.R. 430, 435-36 (B.A.P. 9th Cir. 2005) ("Rules cannot expand the statute; they are not law; and as we stated in *Heath,* noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. . . . Objections without substance are inadequate to disallow claims, even if those claims lack the documentation required by Rule 3001(c).") (citations omitted); *see also In re Moreno*:

> [T]he Rules cannot "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Instead, the Bankruptcy Code, in particular, § 502(b), sets out the exclusive exceptions for disallowance of a claim. These exceptions do not include disallowance based on a lack of documentation. Thus, this Court agrees with the vast majority of courts which have held that a creditor's mere failure to fully comply with the documentary requirements in Rule 3001(c) does not provide a basis for objecting to, or disallowing, a claim.

*In re Moreno*, 341 B.R. at 817 (citations omitted).

21.     Therefore, an objection that seeks disallowance of a claim for failure to conform to Fed. R. Bankr. P. 3001 is inadequate and may not be sustained based on the Rule alone. *In re Cluff*, 313 B.R. 323, 330-31 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept, 2006); *Dove-Nation*, 318 B.R. at 151, 153 ("The rules are designed to supplement the statute, not replace it….Neither procedural rules nor instructional language on official forms overrides clear statutory language."). The Rule is probative of evidentiary requirements, not of a claimant's substantive rights. *Id*.

22.     In another opinion dismissing objections to claims absent a dispute about the debtor's liability or claimed amount, a court found no statutory basis for requiring attachment of documentation or disallowance if it is not attached where the Objection does not actually dispute the obligation:

> At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b)—the existence of at least a potential dispute—before the procedures governing the determination of disputes in the claims allowance process are even invoked. This conclusion follows in the first instance from the application of 11 U.S.C. § 501, which permits the filing of a proof claim, and 11 U.S.C. § 502(b), which specifies the grounds on which a claim is to be disallowed. None of these provisions requires the attachment of documentation to a proof of claim or disallowance in its absence.

*In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004)

23. Furthermore, the use of "shall" and the enumerated listing of exceptions permit no exercise of discretion beyond statute. *Taylor*, 289 B.R. at 384. As the United States Bankruptcy Appellate Panel for the Eighth Circuit opined: "Section 502(b) sets forth the *sole* grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies." *Dove-Nation*, 318 B.R. at 150 (emphasis added).

> The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in Section 502(b). The Claimant filed proofs of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.

*Id*. at 153.

24. The Debtor's Objection appears to seek disallowance of the claim on the grounds that the debt is unenforceable under applicable law by alleging that eCAST's proof of claim has not satisfied the requirements of an account stated. An account stated was defined in *In re Forrest,* Case No. 06-01967-8-RDD (Bankr. E.D.N.C. 2008) as "an agreement between the parties that a balance is correct after reasonable examination by the party to be charged". An account stated is established when a creditor provides:

(1) a calculation of the balance due;
(2) submission of a statement to the party to be charged;
(3) acknowledgement of the correctness of the statement by the party; and
(4) promise, expressed or implied, by the party to be charged to pay the balance due.

*Id.*

25. The Supreme Court of North Carolina, in *Nello L. Teer Co. v. Dickerson, Inc*., 257 N.C. 522, 530 (N.C 1962) ruled that an account can become an account stated by the admission of its correctness or by receipt of the statement and failure to deny within a reasonable amount of time.

26.     Similar to the documentation provided in the *Forrest* case[1], eCAST's claim attached an account summary.  As previously stated, an amendment to Claim 4 was filed, which included account statements showing a calculation of the balance due, a summary of the charges/payments, and a listing of any additional transactions as well as an Affidavit of Sale.  Further, each of the statements reflects a mailing address matching the address used by the Debtor on her petition.

27.     The Debtor has made no allegations that she did not receive the account statements.  Further, even the Debtor's Objection herein fails to allege a dispute with the account, but seeks to disallow the claim based on a lack of account documentation.

28.     "Therefore, even though the debtor did not expressly promise to pay the amount due on each monthly statement, under the North Carolina's Supreme Court's holding in *Teer*, the Court finds she had reasonable time to object to the account statements and failed to do so.  As such, she impliedly assented to the amounts due and her obligation to pay resulting in a viable account stated claim by eCAST under state law." *Forrest,* Case No. 06-01967-8-RDD, *citing  Nello L. Teer Co. v. Dickerson, Inc*., 257 N.C. 522.

29.     Accordingly, eCAST's claim is not excepted by 11 U.S.C. § 502(b).  The Debtor's objection fails to show a basis for disallowance under the provisions of 11 U.S.C. § 502(b)(1)-(9), and is otherwise unsupported by the law.  In the absence of any contrary evidence provided by the Debtor, eCAST has met its evidentiary burden and establishes the validity of its claim by a preponderance of the evidence.

**IV.  Debtor acknowledged the validity of her debt by listing it on her Schedule F of unsecured claims.**

---

[1] In the *Forrest* case, the original proofs of claim filed were amended to include the account statements.

30. A debtor's listing of a creditor as an unsecured claimant, standing alone, constitutes a judicial admission of the debt owed. *See Mann v. Shepard & Gervich* (*In re Gervich*), 570 F.2d 247, 253 (8th Cir. 1978) (finding that bankruptcy court properly took judicial notice of verified schedules as evidence of indebtedness); *see also Morgan v. Musgrove*, 187 B.R. 808, 812-13 (Bankr. N.D. Ga. 1995); *In re Standfield*, 152 B.R. 528, 531 (Bankr. N.D. Ill. 1993) ("Verified schedules and statements filed by Debtors are not just pleadings, motions or exhibits, they contain evidentiary admissions."); *In re Leonard*, 151 B.R. 639, 643 (Bankr. N.D. N.Y. 1992) (finding that debtor's schedule entry created admission of debt); *Larson v. Groos Bank, N.A.,* 204 B.R. 500, 502 (W.D. Tex. 1996) (debtor's statement on bankruptcy schedules that he had no contingent and unliquidated claims was a judicial admission).

31. Some courts question debtors' motivation in seeking disallowance of claims they judicially admit, by listing them in their Schedules. *In re Moreno*, 341 B.R. 813, 818 (Bankr. S.D. Fla. 2006) ("[I]f a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any, documentation is necessary. . . . Moreover, this Court joins other courts which have criticized the tactic of filing an objection to an undisputed scheduled claim."); *see also In re Gonzalez*:

> The Court reiterates and expands on what it said in Moreno. Claims objections must be based on a good faith belief that some or all of the amount claimed is not owed. The Court will not tolerate a practice in which debtors seek to disallow, in their entirety, claims which are scheduled in some amount as undisputed.

356 B.R. at 907 (Bankr. S.D. Fla. 2006); *In re Cluff*, 313 B.R. 323, 342 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCAST Settlement Corp.*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006) ("It causes the Court to question the Debtors' motive in filing these unsupported objections…."); *In re Padilla*, No. 04-42708-H2-13, 2006

Bankr. LEXIS 1593, at *3 (Bankr. S.D. Tex. June 29, 2006) (opining that a debtor's admissions in her schedules are "highly relevant" and are statements made subject to criminal prosecution and denial of discharge, and, furthermore, that objections to claims interposed for improper motives may possibly be sanctionable conduct); *In re Armstrong*, 320 B.R. 97, 109 (Bankr. N.D. Tex. 2005) (opining that a court would consider sanctioning a debtor's attorney for continuing to prosecute an objection to claim after the claimant had supplied additional supporting documentation).

32. As previously noted, on her Schedule F in the instant case, the Debtor listed the debt represented by Claim 4 as undisputed and in the same whole dollar amount as that on the claim.

## CONCLUSION

33. Debtor's prayer for relief seeks to limit eCAST's ability to provide further support of its claim through an amendment. However, amendments to a claim are freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. *See Szatkowski v. Meade Tool & Die Co.*, 164 F.2d 228, 230 (6th Cir.1947); *In re G.L. Miller & Co.*, 45 F.2d 115 (2d Cir.1930).

34. Possible meritorious claims should not be dismissed because of defects in pleadings without the party being given an opportunity to conform. *See In re Burlington Coat Factory Sec. Litig.* 114 F.3d 1410 (3rd Cir. 1997).

35. eCAST has amended its claim to attach additional account documentation to further support the claim.

36. It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305, 60 S. Ct. 238, 244, 84 L. Ed. 281 (1939).

37. The bankruptcy process is intended to reach an equitable result justly, quickly, and inexpensively. Fed. R. Bankr. P. 1001. Indeed, speed and economy are principal goals of the laws of bankruptcy. *Katchen v. Landy*, 382 U.S. 323, 328 (1966). The claim administration process grinds to a halt when technical objections to claims are filed and litigated when there appears to be no dispute as to the underlying debt. Accordingly, such manipulation fuels concerns about the equitable results for the various parties in the bankruptcy process.

38. eCAST avers that it adhered to the Rules of Bankruptcy Procedure in the filing of Claim 4 and believes the Claim is valid as filed. Should the Debtor provide some evidence that the Claim is not valid, **which she has not**, eCAST agrees that it then has the ultimate burden to prove the debt. Disallowance of the Claim under these circumstances, however, is unwarranted.

39. Furthermore, in accordance with the American Rule, the Debtor is not entitled to an award of attorney fees from eCAST unless provided for by statute or contractually authorized. The Debtor has not provided any supporting authority for her request for fees, nor have the procedures of FRBP 9011 been followed.

**WHEREFORE**, eCAST Settlement Corporation respectfully requests that the Court deny the Debtor's Objection to Claim Number 4 and allow Claim Number 4 as filed and/or amended and deny the Debtor's request for an award of attorney fees.

        Respectfully submitted,

By:   /s/ B. Perry Morrison
      B. Perry Morrison, NC Bar # 16376
      MORRISON LAW FIRM, P.L.L.C
      P.O. Box 2046
      Wilson, NC  27894-2046
      Telephone: (252) 243-1003
      Facsimile: (252) 243-1004
      *Local Counsel for eCAST Settlement Corporation*

Natalie M. McGhee
Becket & Lee LLP
P.O. Box 3001
Malvern, PA  19355
Telephone: (610) 644-7800
*Counsel for eCAST Settlement Corporation*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-09335-8-SWH |
| JANE BULLOCK PARKER, ) | |
| ) | Chapter 13 |
| ) | |
| DEBTOR. ) | |

**CERTIFICATE OF SERVICE FOR RESPONSE OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTION TO CLAIM NUMBER 4**

I hereby certify that on the 21st day of December, 2010 a true and correct copy of the RESPONSE AND MEMORANDUM OF LAW OF ECAST SETTLEMENT CORPORATION TO DEBTOR'S OBJECTION TO CLAIM NUMBER 4 was served to the following parties via the method listed above each name:

VIA: U.S. Mail  
John F. Logan  
Chapter 13 Trustee  
P.O. Box 61039  
Raleigh, NC 27661-1039  

VIA: U.S. Mail  
John T. Orcutt, Esquire  
Offices of John T. Orcutt, P.C.  
6616-203 Six Forks Road  
Raleigh, NC  27615  

By:  /s/ B. Perry Morrison_____  
B. Perry Morrison, NC Bar # 16376  
MORRISON LAW FIRM, P.L.L.C  
P.O. Box 2046  
Wilson, NC  27894-2046  
Telephone: (252) 243-1003  
Facsimile: (252) 243-1004  
*Local Counsel for eCAST Settlement Corporation*