**SO ORDERED.**

**SIGNED this 09 day of March, 2011.**



*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:                                                                         CASE NO.

**JANE BULLOCK PARKER**                                              **09-09335-8-SWH**

          **DEBTOR**

### ORDER DENYING DEBTOR'S OBJECTION TO PROOF OF CLAIM

Pending before the Court is the debtor's Objection to Claim No. 4 of eCAST Settlement Corporation ("eCAST") and the response of eCAST thereto. A hearing was held in Raleigh, North Carolina, on January 26, 2011.

On October 26, 2009, debtor Jane Bullock Parker filed a petition for relief under chapter 13 of the Bankruptcy Code (the "Code"). In addition to other unsecured claims included on schedule F, debtor listed an unsecured claim owed to Chase in the amount of $14,231.00 for credit card debt. The debtor did not designate the Chase claim as "disputed."

On December 30, 2009, eCAST Settlement Corporation, assignee of Chase Bank USA, N.A., filed its original proof of claim in the amount of $14,231.41, based on credit card charges purportedly made by the debtor. This original proof of claim was accompanied by an account

summary that listed the debtor's name, the last four digits of the account number, the account open date, the charge off date, the last pay date, and the amount due as of the filing date. An "Assignment of Accounts and Waiver of Notice of Transfer of Claims" between Chase Bank USA, N.A. and eCAST, dated December 17, 2010, and executed by Rachelle Riggins as "Team Leader" on behalf of Chase Bank, as well as an "Explanation of Unavailable or Voluminous Documentation Not Attached" were also attached to the proof of claim. The debtor filed an objection to the proof of claim on November 23, 2010, in which she asserts that the claim should be disallowed because 1) the proof of claim does not include a copy of the writing upon which it is based pursuant to Rule 3001(c),  2) there is no verification that eCAST was in any way connected to the establishment or maintenance of the account,  3) eCAST failed to include an itemization of credit to cover individual transactions precluding a finding of an account stated under North Carolina law, and 4) eCAST failed to comply with N.C. Gen. Stat. § 58-70-115(5).

On December 21, 2010, eCAST filed an amended proof of claim that contains the following documentation: the affidavit of sale executed by Dustin Smurdon, as an officer of Chase Bankcard Services, Inc., an affiliate of Chase Bank USA, confirming that the debtor had a credit card with Chase,  that the account was sold to eCAST on or about December 9, 2009, and that the amount due was $14,231.41, and several monthly credit card account statements dated January 2009 through August 2009.  The account statements indicate previous balances owed, payments and credits, finance charges, late fees, and over limit fees.  Counsel for eCAST stated the claim was amended as soon as his client received additional documents from Chase that had been difficult to procure.

On January 8, 2010, John Logan, the chapter 13 trustee, moved for confirmation of a plan which provides for a payout to unsecured creditors in the amount of $35,851.80. On February 5, 2010, the court entered an order confirming the chapter 13 Plan.

**DISCUSSION**

As a preliminary matter, the debtor acknowledged at the hearing that the facts of the current case establish the existence of an account stated under North Carolina law. See In re Forrest, Case No. 06-01967-8-RDD (Bankr. E.D.N.C. May 22, 2009). The debtor limits her objection to what she contends is eCAST's failure to comply with N.C. Gen. Stat. § 58-70-115.

Section 502 of the Code governs the allowance of claims. Pursuant to §502(a), a properly filed proof of claim is deemed allowed unless the debtor files an objection. Section 502(b) specifies that if an objection is filed, the court shall determine the amount of such claim and shall allow the claim in that amount except to the extent the claim falls into certain enumerated categories. Section 502(b)(1) provides for disallowance if "[a] claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." In this context, "applicable law" has been interpreted as encompassing state law. See e.g., In re Forrest; In re Andrews 394 B.R. 384 (Bankr. E.D.N.C. 2008).

In her objection to eCAST's proof of claim, the debtor alleges that the debt is unenforceable under the North Carolina Consumer Protection Act of 2009, codified at N.C. Gen. Stat. §58-70-115, and thus should be disallowed under § 502(b)(1). The statute provides that no collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such unfair practices include:

3

> When the collection agency is a debt buyer or acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor, or otherwise attempting to collect on the debt without (i) valid documentation that the debt buyer is the owner of the specific debt instrument or account at issue and (ii) reasonable verification of the amount of the debt allegedly owed by the debtor. For purposes of this subdivision, reasonable verification shall include documentation of the name of the original creditor, the name and address of the debtor as appearing on the original creditor's records, the original consumer account number, a copy of the contract or other document evidencing the consumer debt, and an itemized accounting of the amount claimed to be owed, including all fees and charges.

N.C. Gen. Stat. § 58-70-115(5). The debtor contends that eCAST, as a debt buyer, has failed to produce all documents required by this statute, as to both ownership and amount of the debt, and thus should have its claim disallowed. As is more fully set forth below, the court finds eCAST has produced both valid documentation that it is the owner of the account at issue and reasonable verification of the amount of the debt, in satisfaction of the statutory requirements.

Burden of Proof

Section 502 provides a statutory basis for the allowance/disallowance of claims. Rule 3001 of the Federal Rules of Bankruptcy Procedure sets forth the required form and content of a proof of claim. Rule 3001(a) defines a proof of claim as a "written statement setting forth a creditor's claim" and (c) states that "[w]hen a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Subsection (f) of Rule 3001 establishes that proofs of claim which are filed and executed in accordance with the rules constitute *prima facie* evidence of the validity and the amount of the claim. The burden of proof applicable to the claims allowance process was explained in In re Harford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004):

> The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b). The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr. P. 9017; Fed. R. Evid. 301. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

Citations omitted. eCAST's original proof of claim complied with Rule 3001 and this constituted *prima facie* evidence of the validity and amount of the claim. However, the debtor rebutted the claim's presumptive validity by introducing the requirements of N.C. Gen. Stat. § 58-70-115(5) in its objection. Therefore, eCAST must establish its compliance with the state statute by a preponderance of the evidence in order to prove its claim.

Ownership of the Debt

Debtor contests the validity of the assignment attached to eCAST's original proof of claim. Debtor contends that Rachelle Riggins, in her capacity as "Team Leader," did not have proper authority to execute the assignment on behalf of Chase. eCAST amended its proof of claim to include the affidavit of Mr. Smurdon, an officer of Chase, which confirmed ownership of the debt by eCAST. The debtor did not dispute the Smurdon affidavit nor introduce any evidence to substantiate its attack on the validity of the assignment. Therefore, eCAST has shown by a preponderance of the evidence that it is the owner of the account at issue.

Verification of the Amount of the Debt

The debtor contends that eCAST has not provided reasonable verification of the amount of its debt. "Reasonable verification" includes documentation of the name of the original creditor, the

name and address of the debtor, the original consumer account number, a copy of the contract or other document evidencing the consumer debt, and an itemized accounting of the amount claimed to be owed, including all fees and charges. See N.C. Gen .Stat. § 58-70-115(5). The debtor argues that the failure to provide a copy of the signed original contract is itself sufficient to preclude a finding of reasonable verification. The court rejects such a rigid construction of the statute. The statute requires "a copy of the contract *or other document* evidencing the consumer debt." N.C. Gen. Stat.. § 58-70-115(5) (emphasis added). There is no real dispute concerning the amount of the debt. The debtor has listed eCAST on her schedule F as the holder of an undisputed claim in an amount nearly identical to that indicated on the statements and affidavit attached to eCAST's amended proof of claim. Such "other documents" satisfy the statutory requirement.

The debtor additionally contends that there is no itemized accounting of every fee and charge included in either proof of claim as required by N.C. Gen. Stat. § 58-70-115(5). However, the court finds that the account statements attached to eCAST's proof of claim which state the balance and indicate fees and charges to the account, when viewed in light of the debtor's undisputed scheduling of the debt in the same amount, satisfy that statutory requirement as well. Therefore, eCAST has discharged its burden to provide reasonable verification as to the amount of the debt.

## CONCLUSION

There being no basis for disallowance under N.C. Gen. Stat. § 58-70-115(5) or §502(b)(1) of the Code, debtor's objection to proof of claim number 4-2 filed by eCAST is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**